IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ANGELO BERNARD BANKS, | : |
| Plaintiff, | : |
| VS. | : |
| | : CIV. NO. 4:19-CV-00010-MSH-CDL |
| Warden SHAY HATCHER, *et al.*, | : |
| Defendants. | : |

### ORDER

Presently pending before the Court is a second set of objections filed by *pro se* Plaintiff Angelo Bernard Banks (ECF No. 16) in which Plaintiff again objects to the United States Magistrate Judge's June 11, 2019 recommendation to dismiss certain claims and to allow others to proceed for further factual development. *See* Objs. 1-2, Aug. 15, 2019, ECF No. 16. Plaintiff also appears to request that Magistrate Judge Hyles be "release[d]" from this case. *Id.* at 2. For the following reasons, the Court declines to remove Magistrate Judge Hyles from this case and overrules Plaintiff's currently pending objections.

**I.   Motion for Recusal**

The Court will first liberally construe Plaintiff's request that Magistrate Judge Hyles be "release[d]" from this case as a motion to recuse pursuant to 28 U.S.C. § 455, which provides the standard for when a judge, justice, or magistrate judge must disqualify himself from a particular proceeding.[1]  The statute generally provides that a judge "shall disqualify

---

[1] 28 U.S.C. § 144 also governs recusal, but it requires the moving party to file an affidavit stating that the judge has a personal bias or prejudice against the plaintiff or defendant, and

himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The statute also enumerates certain other circumstances requiring a judge to disqualify himself. *Id.* at § 455(b)(1)-(5). Plaintiff suggests that the Magistrate Judge's rulings against him are based upon "inferred prejudice" that will "threaten" the future proceedings in his case. *See* Objs. 2, Aug. 16, 2019, ECF No. 16. Plaintiff may thus be relying on either subsection (a) or subsection (b)(1).

The standard under subsection (a) is objective and requires the Court to ask "whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain significant doubt about the judge's impartiality." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal quotation marks omitted). In the Eleventh Circuit, "it is well settled that the allegation of bias must show that the bias is personal as distinguished from judicial in nature." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks and citation omitted) (per curiam). As a result, "a judge's rulings in the same or a related case are not a sufficient basis for recusal," except in rare circumstances where the previous proceedings demonstrate pervasive bias and prejudice. *Id.*; *see also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute [a] valid basis for a bias or partiality recusal motion."); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th

---

the affidavit must provide facts and reasons for the belief that bias or prejudice exists. Plaintiff has not filed such an affidavit, and this requirement is strictly enforced. *See, e.g., United States v. Perkins*, 787 F.3d 1329, 1343 (11th Cir. 2015) (finding that the court did not abuse its discretion by denying litigant's pro se motion for recusal under 28 U.S.C. § 144 because the affidavit did not meet the statute's procedural requirements). As such, the Court will assume that Plaintiff intended to proceed under § 455.

Cir. 1990) ("[The bias] must derive from something other than that which the judge learned by participating in the case."). In this case, Plaintiff has not pointed to any specific facts showing that any sort of extrajudicial bias existed, nor has Plaintiff demonstrated that the Magistrate Judge's rulings exhibit "such a high degree of . . . antagonism as to make fair judgment impossible" or a bias toward Plaintiff "so extreme as to display clear inability to render fair judgment." *See Liteky*, 510 U.S. at 551, 555.

28 U.S.C. § 455(b)(1) requires disqualification where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" "Recusal under this subsection is mandatory, because 'the potential for conflicts of interest are readily apparent.'" *Patti*, 337 F.3d at 1321 (quoting *Murray v. Scott*, 253 F.3d 1308, 1312 (11th Cir. 2001)). Again, Plaintiff has failed to establish any personal or pervasive bias on the part of Magistrate Judge Hyles, and Plaintiff also fails to identify any specific "disputed evidentiary facts" of which the Court might have knowledge. Any knowledge gained through the course of a judicial proceeding is not a "disputed evidentiary fact" that requires recusal. *United States v. Bailey*, 175 F.3d 966, 969 (11th Cir. 1999) (per curiam). Instead, knowledge of disputed evidentiary facts must be gained through an extrajudicial source to warrant recusal. *See id.* Plaintiff has not asserted that such knowledge exists here.

In sum, Plaintiff's contentions that Magistrate Judge Hyles has not ruled in his favor are not alone sufficient to merit recusal, and Plaintiff has also failed to show that Magistrate Judge Hyles harbors the type of pervasive bias or prejudice against Plaintiff that would otherwise require recusal. Plaintiff's request for recusal is therefore **DENIED.**

## II. Additional Objections

Also pending before the Court is a second set of objections filed by Plaintiff again challenging Magistrate Judge's June 11, 2019 Order and Recommendation to dismiss certain of Plaintiff's claims and to direct service on the remaining Defendants. In this second set of objections, Plaintiff states that the Magistrate Judge improperly delayed entering his Order and Recommendation and further objects to "the entire findings of facts and some legal authorities, contained within the Magistrate Judge's report and recommendations[.]" Objs. 2, Aug. 15, 2019, ECF No. 16. Plaintiff also acknowledges, however, that he already objected to the June 11, 2019 Order and Recommendation. *Id.* at 1. These prior objections were considered by the Court and found to be without merit on August 9, 2019. *See generally* Order, Aug, 9, 2019, ECF No. 15.

Federal Rule of Civil Procedure 72(b)(2), which Plaintiff invokes in this case, provides, "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Plaintiff's currently pending objections were clearly filed more than fourteen days after the June 11, 2019 Order and Recommendation that Plaintiff again purports to challenge. Moreover, Plaintiff's objections are not at all "specific," as required by the Federal Rules of Civil Procedure. Plaintiff offers no explanation for this untimely second set of objections; nor does he point to any particular reason why the Court should

reconsider its Order adopting the Magistrate Judge's Order and Recommendation.[2] As such, Plaintiff's objections (ECF No. 16) are overruled.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's request to "release" Magistrate Judge Hyles from this case and **OVERRULES** Plaintiff's Objections (ECF No. 16).

**SO ORDERED**, this 23rd day of August, 2019.

        s/Clay D. Land
        CLAY D. LAND
        CHIEF U.S. DISTRICT COURT JUDGE
        MIDDLE DISTRICT OF GEORGIA

---

[2] To the extent Plaintiff's Objections could be construed as a motion for reconsideration, it is also nied. Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009). Plaintiff has not sufficiently alleged that any of these circumstances apply in this case.